RAWLS, Judge.
Appellant B. I. Greenhut instituted this suit for declaratory decree seeking retirement benefits from the City of Pensacola. He now appeals a summary final judgment rendered in favor of appellee City of Pensacola, wherein the trial judge found that Greenhut had not served the period of time required prior to his attainment of the age of 65 so as to entitle him to receive city retirement compensation.
Greenhut served as City Councilman from October 15, 1953, until June 10, 1957, and from June 12, 1961, until June 12, 1967, a total of nine years, seven months and twenty-eight days.[1] However, on the day before he attained 65 years of age, he had served only nine years, four months and twenty-four days. For the three months he remained in office after becoming 65, Greenhut collected compensation payable by the City. Subsequently, he applied for and collected benefits from the City pension fund which in less than seven months amounted to $797.47. The sum collected by Greenhut exceeded his total contributions to the fund by $308.66.
In 1949, the legislature established a pension system for regular non-seasonal employees of the City of Pensacola.[2] The 1949 Special Act was amended in 1955 to include all regularly elected or appointed officers thereof under the age of 65 years.[3] *802 Under the 1955 amendment appellant could elect to become a member of the retirement fund by evidencing his desire in writing and by “accepting the provisions and terms of this Act.” The 1955 amendment did not change Section 9, which provides:
“Section 9.(a). Any employee who is now 65 years of age, or who shall hereafter become 65 years of age, shall be retired upon the effective date of this Act or upon his attaining such age, whichever event shall first occur. It shall be unlawful for any employee of the City of Pensacola to draw, use or consume any of the funds of said City for the payment of compensation of such person as an employee after said time.”
Appellant urges that two classes were established by the 1955 amendment, viz.: (1) Non-seasonal civil service employees of the City of Pensacola, and (2) Regularly elected or appointed officers of the City of Pensacola who were under the age of 65 years upon the effective date of the Act. He contends that the provisions of Chapter 631775, Special Acts, 1963, which creates a civil service system, bolsters his position in that it precludes persons over the age of 35 (except in special instances not material here) from becoming members of the classified service and provides that those over 35 must waive all rights to the pension system. Appellant reasons that since minimum age requirements are not applicable to members of the City Council, the Pension Act provision compelling retirement at age 65 is likewise not applicable except to civil service employees.
We do not construe the several Special Acts as appellant contends. The statute as originally enacted established a pension fund for non-seasonal employees. All provisions concerning eligibility and amounts of compensation use the term “employee,” save for the 1955 amendment which permitted “officials” to become members of the fund. The only reasonable interpretation of this amendment is that elected officials are not subject to the provisions of the civil service system, but they can become members of the pension fund and retire thereunder provided they accept and comply with all the provisions and requirements for members of the pension fund.
The judgment of the trial court is
Affirmed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.

.Oh. 612655 § 4, Special Acts of 1961, provided that in computing the number of years for retirement purposes, a major fraction of a year shall be computed as a whole year. Therefore, the minimum period of service required for retirement is 9 years, 6 months and 1 day.

. Ch. 26141, Special Acts, 1949.

. Ch. 81160, Section 3(e), Special Acts, 1955.